# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION-DETROIT

In Re:  
DOSHIA MARIE BANKS

    Debtor

Case No. 25-45106  
Chapter 13  
Hon. Maria L. Oxholm - Detroit

_____/

## VMC REO, LLC MOTION FOR RELIEF FROM AUTOMATIC STAY, ENTRY OF ORDER WAIVING THE PROVISION OF 4001(a)(3) AND SEEKING BAR TO REFILING AS TO REAL PROPERTY LOCATED AT 5779 PINECREST ESTATES DRIVE ANN ARBOR UNDER 362(d)(4)(B)

NOW COMES, VMC REO, LLC ("Movant"), its successors and assigns by its attorneys, Hladik, Onorato & Federman, LLP and for its Motion for Relief from Automatic Stay states as follows:

1. That the Debtor filed a Chapter 13 Bankruptcy petition on May 19, 2025.

2. Movant states that the filing of the present petition is part of a scheme to delay, hinder, and defraud a creditor that holds an interest in real property. Relief from the Automatic Stay in this case and any bankruptcy case for two years relating to a property is allowed under 362(d)(4)(B). Movant states that the relief stated is appropriate based on the events related in this pleading.

3. Borrower Nettie Whitlow purchased the real property located at 5779 Pinecrest Estates Dr, Ann Arbor, MI 48105 on September 30, 2022. A Note and Mortgage was executed with borrower Nettie Whitlow that was secured by a security interest in said property. In less than a year, Borrower defaulted on her payments on the mortgage. The owner of the mortgage initiated foreclosure proceedings by advertisement. The mortgage holder validly foreclosed on the property on October 12, 2023.

4. The redemption period on the property expired on April 12, 2024. During the redemption period, VMC REO acquired the property. Borrower failed to timely redeem the property. Borrower and others continued to reside in the property after the redemption period.

5. Movant instituted eviction proceedings in the 14A-1 District Court on April 25, 2024. The Court set the eviction hearing for May 10, 2024. Nettie Whitlow filed Chapter 13 Bankruptcy on May 8, 2024 (Case No. 24-44590). This case was filed Pro Se by the Debtor. The District Court stayed the eviction proceeding due to the filing of the bankruptcy.

6. Nettie Whitlow's case was dismissed on June 11, 2024, for failure to file the required documents.

7. The Debtor filed a Motion to Reinstate Case on June 14, 2024. This motion was granted on June 18, 2024. A Notice of Rescheduled 341 Meeting of Creditors was filed on June 20, 2024. Debtor in this case failed to appear at her rescheduled Meeting of Creditors on August 7, 2024.

8. Movant filed a Motion for Relief from Stay in this case on July 24, 2024. The Court set the Motion

for an in person hearing for September 12, 2024. This hearing was to be held at the same time as her rescheduled hearing on the confirmation of her Plan. The Debtor in this case failed to appear at these hearings. The case was dismissed sua sponte on September 16, 2024.

9. Movant began a second eviction proceedings in 14A-1 District Court. The hearing for the eviction proceeding was scheduled for October 11, 2024. The eviction proceeding was stayed due to Nettie Whitlow filing another Motion to Reinstate Case.

10. Then Nettie Whitlow filed a Motion to Reinstate Case on September 26, 2024. The Court set this motion for an in person hearing on October 24, 2024. Nettie Whitlow failed to appear at this hearing. The Court subsequently denied the Motion to Reinstate Case for lack of prosecution.

11. Case No. 24-44590 was closed on December 17, 2024. During the duration of the case, Debtor failed to remit any payments to the Chapter 13 Trustee, failed to attend any hearings, and failed to remit the filing fee. The filing fees still remain outstanding as per the Clerk's Notice of Fees Due filed on November 13, 2024, (docket #80).

12. Movant started a third eviction proceeding with the same District Court. The hearing on this proceeding was scheduled for December 20, 2024.

13. Nettie Whitlow filed a second Chapter 13 case on December 16, 2024, (Case No. 24-51815). This case was filed Pro Se by Nettie Whitlow just days before the eviction third hearing. The third eviction proceeding was stayed due to the filing of this bankruptcy case.

14. Case No. 24-51815 was dismissed on December 30, 2024, due to Nettie Whitlow not being eligible to be a Debtor under U.S.S. Section 109(h)(1). Nettie Whitlow filed a Motion to Reinstate Case on January 6, 2025. The Court set an in person hearing date for the Motion to Reinstate Case for January 16, 2025. This hearing was adjourned to January 30, 2025. Nettie Whitlow failed to appear at this hearing. The Court denied the Motion to Reinstate Case. The case was closed on February 10, 2025.

15. During the duration of this second case, Nettie Whitlow once again failed to remit any payments to the Chapter 13 Trustee, failed to attend any hearings, and failed to remit the filing fee. Nettie Whitlow failed to file the balance of the required paperwork. There is also an amendment fee that is due and owing to the Court.

16. Movant initiated a fourth attempt to recover possession of the property. Movant filed another eviction proceeding with 14A-1 District Court with an eviction hearing set for March 28, 2025. This eviction proceeding was stayed by the filing of a Chapter 13 Bankruptcy by an individual claiming to live in the property. Javier Jeremy Myon Head, Case No. 25-42951, just 3 days before the eviction hearing.

17. Javier Head's case proceeded exactly like Nettie Whitlow's two previous cases. Javier Head filed an incomplete petition. Javier Head also filed an Application to Pay the Filing Fees in Installments. An Order Approving Paying the Filing Fees in Installments was granted on March 28, 2025. His first instalment was due on April 21, 2025. The final instalment was to be due on May 21, 2025. Javier Head's Schedules, Statement of Financial Affairs, Chapter 13 Plan was due on April 8, 2025.

18. Movant filed a similar Motion for Relief from the Automatic Stay and Seeking Bar to Refiling at

to real property located at 5779 Pinecrest Estate Dr. in Mr. Head's case on April 2, 2025.

19. Javier Head failed to file any of the required documentation by the deadline stated above. Javier Head's case was dismissed on April 9, 2025 for failure to file the balance of the required documents. The dismissal of his case before movant's motion could be heard resulted in the motion being rendered moot.

20. Movant proceeded to file and serve a fifth attempt to recover possession of the property. The District Court set the eviction hearing for May 20, 2025.

21. On April 17, 2025, Javier Head filed a Motion to Reopen Case and for Time to File Additional Time to File Required Documents. He claimed he failed to file the required documents due to a misunderstanding. Mr. Head asked for an extension to file the paperwork on or by May 7, 2025. Mr. Head also failed to remit the fee for a Motion to Reopen Case. (Docket#20).

22. The Court set an in person hearing for Javier Head's Motion to Reopen Case for May 8, 2025.

23. On May 5, 2025, Javier Head filed a Notice of Waiver of Oral Argument in an effort to avoid attending Court. The Court promptly denied Javier Head's request on the same day.

24. Movant's counsel and the U.S. Trustee's office attended the hearing on Mr. Head's Motion to Reopen Case. **Javier Head did not attend this hearing on his own motion. Nor did he file the balance of his required paperwork by the date *he* asked the Court.** At this hearing, the U.S. Trustee expressed concerns that Ms. Whitlow and Mr. Head were engaging in behavior that was abusive of the bankruptcy system. Movant counsel brought to the Court's attention their wish to bring their motion before the Court. While sympathetic to Movant's position, the Court was hesitant to rule on a Motion that was not scheduled. The Court did deny Mr. Head's Motion to Reopen Case. Therefore, Mr. Head's case remained dismissed.

25. During the duration of Javier Head's case, he never remitted any Plan payments, never attended any hearings, failed to file the required paperwork and failed to remit the filing fee for the case and the Motion to Reopen Case. All of the filing fees are still due and owing to the Court.

26. The present case was filed the day before the scheduled hearing to evict all individuals from the property.

27. Movant states that the sole purpose of filing this present case was to once again delay or prevent giving up possession of the property in question. It is believed that Nettie Whitlow, or those advising her, are aware that the Automatic Stay would not be in effect in a third case under 362 (c)(4)(A)(i). Therefore, if her goal was to remain the property, filing a third case would not have availed her. Hence, a different individual who claims to live in the property filed a bankruptcy.

28. Movant believes that the Debtor is a relative/associate of Nettie Whitlow. The Debtor in this case states she resides at the property located at 5779 Pinecrest Estates Dr, Ann Arbor. In the Debtor's Chapter 13 Petition, she states she rents his residence. However, Movant has not leased the property to anyone since it acquired the property during the redemption period. Since this is Debtor's first bankruptcy case, the Automatic Stay went into effect on the date of filing.

29. Movant warrants that the present case is an extension of Nettie Whitlow's and Javier Head's prior

cases and shall proceed exactly as both of Nettie Whitlow's cases and Javier Head's case. This case was also filed without counsel. The balance of her documents are required to be filed on or before June 2, 2025. Nor has the Debtor paid the filing fee. The Debtor filed an application to pay the filing fees in installments. She proposes to pay the first on or by June 5, 2025. The final installment is proposed to be paid on or by August 5, 2025.

30. Debtor in the present case, as in Nettie Whitlow's and Javier Head's cases, has no intent at paying any of the filing fees, attending any hearings or remitting Plan payments to the Chapter 13 Trustee. She will file the minimum required paperwork to keep the case open until forced to remit payments or attend a hearing. At that point, the case will be dismissed. After the dismissal of the case, it is believed the Debtor will continue to act in a way to prevent Movant from gaining possession of the property. As in Nettie Whitlow's cases and Javier Head's, she shall either file a Motion to Reinstate Case, a Motion to Reopen Case or refile a new case. Or another individual claiming to reside in the property shall file a bankruptcy. Either course of action would effectively stay any eviction proceedings brought by movant. Unless the Automatic Stay is terminated in this case and any future cases, the Debtor and all other occupants, shall continue to deprive Movant of possession of the property they are legally entitled.

31. Movant warrants that the present case is part of a scheme to delay, hinder, and/or defraud under 362 (d)(4)(B) as this is the third filing affecting such property. Each bankruptcy case was filed days prior to an eviction hearing. Movant seeks to have the Automatic Stay terminated in this case and in any other case filed under this title that affects 5779 Pinecrest Estates Drive, Ann Arbor for the duration of two years or until such time creditor relinquishes their rights to the property.

32. Movant seeks relief for the purpose of exercising its remedies available under state law.

33. Movant's collateral position in the debtor's property is being eroded and Movant is being denied Adequate Protection of its interest in the property, which Debtors are continuing to use without making requisite payment.

34. Movant requests the order granting relief from the automatic stay shall be effective immediately, notwithstanding Rule 4001(a)(3).

35. Upon information and belief, no other parties have an interest in the property.

36. Pursuant to Rule 9014-1(b)(1), a proposed Order for Relief from Automatic Stay and Entry of Order Waiving the Provision of FRBP 4001(a)(3) is attached as EXHIBIT "1".

37. Pursuant to Rule 9014-1(b)(2), Notice and Opportunity to Object is attached as EXHIBIT "2".

38. Pursuant to Rule 9014-1(b)(3), Brief is attached as EXHIBIT "3".

39. Pursuant to Rule 9014-1(b)(4), the Proof of Service is attached as EXHIBIT "4".

40. A copy of the Foreclose Deed is attached as EXHIBIT "5".

41. A copy of the Quit Claim deed showing the Movant's acquisition of the property is attached as EXHIBIT "6".

WHEREFORE, VMC REO, LLC requests that an Order for Relief from Automatic Stay and Entry of Order Waiving the Provision of FRBP 4001(a)(3) and a bar to refiling any case for two years as to real property located at 5779 Pinecrest Estates Dr., Ann Arbor, MI be entered to permit it to exercise its state law remedies on the above referenced property.

Respectfully submitted,

Dated: May 19, 2025

*/s/ David Milstein*
David Milstein (P56543)
Attorney for Creditor
3290 West Big Beaver Road, Suite 117
Troy, MI 48084
Phone (248) 362-2600
Email: dmilstein@hoflawgroup.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-DETROIT**

In Re:  
DOSHIA MARIE BANKS

       Debtor

Case No. 25-45106-lsg  
Chapter 13  
Hon. Maria L. Oxholm - Detroit

/

## ORDER LIFTING AUTOMATIC STAY ENTRY OF ORDER WAIVING THE PROVISION OF 4001(a)(3) AND BAR TO REFILING AS TO REAL PROPERTY LOCATED AT 5779 PINECREST ESTATES DR ANN ARBOR UNDER 362(d)(4)(B)

WHEREAS Creditor, VMC REO, LLC, having filed a Motion for Relief from the Automatic Stay and Notice and Opportunity for Hearing having been submitted and no objections having been filed hereto;

IT IS HEREBY ORDERED that the Stay afforded by 11 U.S.C. § 362 is lifted as to VMC REO, LLC, with respect to the property located at 5779 Pinecrest Estates Dr, Ann Arbor, MI 48105.

IT IS FURTHER ORDERED that Creditor may exercise its remedies available under state law.

IT IS FURTHER ORDERED that notwithstanding Rule 4001 (a)(3), Creditor, VMC REO, LLC, may execute on its Order immediately. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Code.

IT IS FURTHER ORDERED that the Bankruptcy Court finding the filing of this petition was part of scheme to delay, hinder, and defraud VMC REO, LLC

IT IS FUTHER ORDERED that the recording with the appropriate governmental entity of this Order shall constitute a bar to refiling any case under any Chapter of Title 11 of the United States Code as to the property located at 5779 Pinecrest Estates Dr., Ann, Arbor, MI. Said bar shall be for two years from the entry of this Order or until such time creditor relinquishes their rights to the property.

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

In Re:  
DOSHIA MARIE BANKS

    Debtor

Case No. 25-45106  
Chapter 13  
Hon. Maria L. Oxholm

/

**NOTICE OF VMC REO, LLC MOTION FOR RELIEF FROM AUTOMATIC STAY, ENTRY OF ORDER WAIVING THE PROVISION OF 4001(a)(3) AND SEEKING BAR TO REFILING AS TO REAL PROPERTY LOCATED AT 5779 PINECREST DR ANN ARBOR UNDER 362(d)(4)(B)**

VMC REO, LLC, has filed papers with the court for relief from the Automatic Stay.

**Your rights may be affected.** *You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).*

If you do not want the court to grant relief from the Automatic Stay, or if you want the court to consider your views on the Motion for Relief from the Automatic Stay, within fourteen (14) days, you or your attorney must:

1.    File with the court a written response or an answer[1] explaining your position at:
United States Bankruptcy Court
US Bankruptcy Court
Eastern District of Michigan
211 West Fort Street
Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

David Milstein, Esq.  
Hladik, Onorato & Federman, LLP  
3290 West Big Beaver Road, Suite 117  
Troy, MI 48084

Tammy Terry  
Chapter 13 Trustee  
535 Griswold, #2100  
Detroit, MI 48226

2.    If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

---

[1] Response or answer must comply with F.R. Civ. P. 8(b),(c) and (e)

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Dated: May 19, 2025

                                             **HLADIK, ONORATO & FEDERMAN, LLP**

                                             */s/ David Milstein*
                                             David Milstein (P56543)
                                             Attorney for Creditor
                                             3290 West Big Beaver Road, Suite 117
                                             Troy, MI 48084
                                             Phone (248) 362-2600
                                             Email: dmilstein@hoflawgroup.com

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

In Re:  
DOSHIA MARIE BANKS

Debtor
_____/

Case No. 25-45106
Chapter 13
Hon. Maria L. Oxholm

## BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY

Creditor files its Motion for Relief from Automatic Stay pursuant to 11 U.S.C. § 362(d) and Local Bankruptcy Rule 4001-1.

Dated: May 19, 2025

**HLADIK, ONORATO & FEDERMAN, LLP**

*/s/ David Milstein*
David Milstein (P56543)
Attorney for Creditor
3290 West Big Beaver Road, Suite 117
Troy, MI 48084
Phone (248) 362-2600
Email: dmilstein@hoflawgroup.com

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

In Re:  
DOSHIA MARIE BANKS

Case No. 25-45106  
Chapter 13  
Hon. Maria L. Oxholm

Debtor
_____/

## PROOF OF SERVICE

David Milstein says that on May 19, 2025, I served a copy of Motion for Relief from Automatic Stay, Brief in Support of Motion, (proposed) Order to Lift the Automatic Stay and Notice and Opportunity for Hearing on Motion for Relief from Automatic Stay upon the following parties either electronically, or by depositing in the U.S. Mail, postage prepaid:

DOSHIA MARIE BANKS  
5779 Pinecrest Estates Dr  
Ann Arbor, MI 48105  
Via First Class Mail

Tammy Terry  
Chapter 13 Trustee  
535 Griswold, #2100  
Detroit, MI 48226  
VIA ECF

*/s/ David Milstein*  
David Milstein (P56543)  
Attorney for Creditor  
3290 West Big Beaver Road, Suite 117  
Troy, MI 48084  
Phone (248) 362-2600  
Email: dmilstein@hoflawgroup.com

L: 5537 P: 358  6704236  DS
11/08/2023 09:30 AM  Total Pages: 21
Lawrence Kestenbaum, Washtenaw Co



Receipt# 23-21890  6704236
11/08/2023 Washtenaw Co, Michigan
Real Estate Transfer Tax
Tax Stamp # 476841
County Tax: $1172.05  State Tax: $0.00



Time Submitted for Recording
Date 11/7 20 23 Time 2:36
Lawrence Kestenbaum
Washtenaw County Clerk/Register

Time Submitted for Recording
Date 10-19 2023 Time 2:29 pm
Lawrence Kestenbaum
Washtenaw County Clerk/Register

Time Submitted for Recording
Date 10-31 20 23 Time 3:27 pm
Lawrence Kestenbaum
Washtenaw County Clerk/Register

## SHERIFF'S DEED ON MORTGAGE FORECLOSURE

THIS INDENTURE made on October 12, 2023 between **KENNETH NIEDERMEIER** a deputy sheriff in and for Washtenaw County, Michigan, party of the first part, and UMB Bank, National Association, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2023-3, whose address is 55 Beattie Place, Suite 100, Greenville, South Carolina 29601, party of the second part (hereinafter called the grantee).

Witnesseth that whereas Nettie Whitlow, an unmarried woman, and Yolounda Kaye Whitlow-Tyus, a single woman, as joint tenants with full right of survivorship, whose address is 5779 Pinecrest Estates Drive, Ann Arbor, MI 48105, made a certain mortgage to Mortgage Electronic Registration Systems, Inc., As Nominee For STG Mortgage Inc, being a mortgage dated September 30, 2022, and recorded on October 27, 2022 in Liber 5501 Page 716 in Washtenaw County Records, State of Michigan and then assigned to UMB Bank, National Association, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2023-3, as assignee as documented by an assignment dated August 10, 2023 and recorded on August 15, 2023 in Liber 5529 Page 756, Washtenaw County Records, Michigan.

WHEREAS, said mortgage contained a power of sale which has become operative by reason of default in the terms and conditions of the mortgage; and

WHEREAS, the party foreclosing said mortgage has represented that it is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage; and

WHEREAS, no suit or proceeding at law or in equity has been instituted to recover the debt secured by the mortgage or any part thereof; and

WHEREAS, by virtue of the power of sale, and pursuant to the statutes of the State of Michigan in such case made and provided, a notice was duly published and a copy thereof was duly posted in a conspicuous place upon the premises described in the mortgage that the premises, or some part of them, would be sold on the October 12, 2023 at the place of holding the Circuit Court for Washtenaw County wherein the premises are located; and

WHEREAS, pursuant to said notice I did, at 10:00 AM, local time, on the date stated above, expose for sale at public venue the said lands and tenements described below, and on such sale did strike off and sell the said lands and tenements to the grantee for the sum of One Million Sixty-Five Thousand Four Hundred Thirteen Dollars 99/100 ($1,065,413.99), that being the highest bid therefore and the grantee being the highest bidder; and

WHEREAS, said lands and tenements are situated in the Township of Salem, Washtenaw County, Michigan, and are more particularly described as:

PARCEL "F-1"
A part of the Southeast 1/4 of Section 30, Town 1 South, Range 7 East, Salem Township, Washtenaw County, Michigan, more particularly described as commencing at the South 1/4 Corner of said Section 30; thence North 05° 33' 25" West, 1094.27 feet, along the North and South 1/4 line of said Section 30, to the POINT OF BEGINNING: thence continuing North 05° 33' 25" West, 210.68 feet, along the North and South 1/4 line of said Section 30; thence North 87° 45' 45" East,

Drafted by and when recorded return to: Kenneth J. Johnson, Johnson, Blumberg & Associates, LLC 30 N. LaSalle St., Suite 3650, Chicago, IL 60602



409.75 feet; thence South 26° 10' 22" East, 230.12 feet; thence South 87° 45' 45" West, 490.90 feet, to the point of beginning.

A non-exclusive 66.00 foot easement for ingress and egress, being a part of the Southeast 1/4 of Section 30, and the Northeast 1/4 of Section 31, Town 1 South, Range 7 East, Salem Township, Washtenaw County, Michigan, the centerline of said easement being more particularly described as commencing at the South 1/4 Corner of said Section 30; thence North 05°33' 25" West, 2510.57 feet, along the North and South 1/4 line of said Section 30, to the centerline of North Territorial Road; thence North 87°45' 45" East, 417.97 feet, along the centerline of said North Territorial Road, to the point of beginning; thence South 04° 21' 05" East, 1162.23 feet; thence South 26° 10' 22" East, 652.45 feet; thence South 05°33' 25" East, 743.41 feet, to a point on the South line of said Section 30 and the North line of said Section 31; thence South 07° 25' 10" West, 1015.00 feet; thence South 74° 29' 47" East, 42.42 feet, to the center of a 75.00 foot radius cul-de-sac, and the point of ending.

**More commonly known as** 5779 Pinecrest Estates Drive, Ann Arbor, MI 48105   Tax# A-01-30-400-036

Now, this indenture Witnesseth, that I, the Deputy Sheriff aforesaid, by virtue of and pursuant to the statute in such case made and provided, and in consideration of the sum of money so paid as aforesaid, have granted, conveyed, bargained and sold, and by this deed do grant, convey, bargain, and sell unto the grantee, its successors and assigns, forever, all the estate, right, title, and interest which the said Mortgagor(s) had in said land and tenements and every part thereof, on September 30, 2022 that being the date of said mortgage, or any time thereafter, to have and to hold the said lands and tenements and every part thereof to the said grantee, its successors and assigns forever, to their sole and only use, benefit and behoove forever, as fully and absolutely as I, the Deputy Sheriff aforesaid, under the authority aforesaid, might, could, or ought to sell the same.

In witness whereof have set my hand and seal.

_____
KENNETH NIEDERMEIER
Deputy Sheriff in and for the County of Washtenaw, Michigan

State of Michigan
ss.
County of Washtenaw

This Sheriff's Deed on Mortgage Sale was acknowledged before me this 12th of October 2023,
KENNETH NIEDERMEIER
by _____ Deputy Sheriff for Washtenaw County, Michigan

_____ Notary Public
Michael Giannotti
_____ Name

MICHAEL GIANNOTTI
NOTARY PUBLIC, Washtenaw County, MI
My Commission Expires Sept. 6, 2024

My Commission Expires: 9-6-24

Acting in Washtenaw County, Michigan

[Exempt from State Real Estate Transfer Tax pursuant to MCLA 207.526(v)]

RETURN TO:
DETROIT LEGAL NEWS
1409 ALLEN DR. STE B
TROY, MI 48083

Drafted by and when recorded return to: Kenneth J. Johnson, Johnson, Blumberg & Associates, LLC 30 N. LaSalle St., Suite 3650, Chicago, IL 60602

Johnson - Yolounda Kaye Whitlow-Tyus

NOTICE OF FORECLOSURE BY ADVERTISEMENT. Notice is given under section 3212 of the revised judicature act of 1961, 1961 PA 236, MCL 600.3212, that the following mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at a public auction sale to the highest bidder for cash or cashier's check at the place of holding the circuit court in WASHTENAW County, starting promptly at 10:00 AM on October 12, 2023. The amount due on the mortgage may be greater on the day of the sale. Placing the highest bid at the sale does not automatically entitle the purchaser to free and clear ownership of the property. A potential purchaser is encouraged to contact the county register of deeds office or a title insurance company, either of which may charge a fee for this information. MORTGAGE INFORMATION: Default has been made in the conditions of a certain mortgage made by Nettie Whitlow, an unmarried woman, and Yolounda Kaye Whitlow-Tyus, a single woman, as joint tenants with full right of survivorship, whose address is 5779 Pinecrest Estates Drive, Ann Arbor, MI 48105, as original Mortgagors, to Mortgage Electronic Registration Systems, Inc., As Nominee For STG Mortgage Inc, being a mortgage dated September 30, 2022, and recorded on October 27, 2022 in Liber 5501 Page 716 in Washtenaw County Records, State of Michigan and then assigned to UMB Bank, National Association, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2023-3, as assignee as documented by an assignment dated August 10, 2023 and recorded on August 15, 2023 in Liber 5529 Page 756, Washtenaw County Records, Michigan, on which mortgage there is claimed to be due at the date hereof the sum of ONE MILLION FIFTY-THREE THOUSAND NINTY-EIGHT 87/100 DOLLARS ($1,053,098.87). Said premises are situated in the Township of Salem, County of Washtenaw, State of Michigan, and are described as: PARCEL "F -1" A part of the Southeast 1/4 of Section 30, Town 1 South, Range 7 East, Salem Township, Washtenaw County, Michigan, more particularly described as commencing at the South 1/4 Corner of said Section 30; thence North 05° 33' 25" West, 1094.27 feet, along the North and South 1/4 line of said Section 30, to the POINT OF BEGINNING: thence continuing North 05° 33' 25" West, 210.68 feet, along the North and South 1/4 line of said Section 30; thence North 87° 45' 45" East, 409.75 feet; thence South 26° 10' 22" East, 230.12 feet; thence South 87° 45' 45" West, 490.90 feet, to the point of beginning. A non-exclusive 66.00 foot easement for ingress and egress, being a part of the Southeast 1/4 of Section 30, and the Northeast 1/4 of Section 31, Town 1 South, Range 7 East, Salem Township, Washtenaw County, Michigan, the centerline of said easement being more particularly described as commencing at the South 1/4 Corner of said Section 30; thence North 05°33' 25" West, 2510.57 feet, along the North and South 1/4 line of said Section 30, to the centerline of North Territorial Road; thence North 87°45' 45" East, 417.97 feet, along the centerline of said North Territorial Road, to the point of beginning; thence South 04° 21' 05" East, 1162.23 feet; thence South 26° 10' 22" East, 652.45 feet; thence South 05°33' 25" East, 743.41 feet, to a point on the South line of said Section 30 and the North line of said Section 31; thence South 07° 25' 10" West, 1015.00 feet; thence South 74° 29' 47" East, 42.42 feet, to the center of a 75.00 foot radius cul-de-sac, and the point of ending. Street Address: 5779 Pinecrest Estates Drive, Ann Arbor, MI 48105 The redemption period shall be 6 months from the date of such sale, unless the property is determined abandoned in accordance with MCLA § 600.3241a in which case the redemption period shall be 30 days from the date of the sale. If the property is sold at a foreclosure sale under Chapter 32 of the Revised Judicature Act of 1961, pursuant to MCLA § 600.3278, the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period. THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. ATTENTION HOMEOWNER: IF YOU ARE A MILITARY SERVICE MEMBER ON ACTIVE DUTY, IF YOUR PERIOD OF ACTIVE DUTY HAS CONCLUDED LESS THAN

AFFIDAVIT OF PUBLICATION

(Affidavit of Publisher)

STATE OF MICHIGAN,
ss.
COUNTY OF OAKLAND

The undersigned, an employee of the publisher of Washtenaw County Legal News, having knowledge of the facts, being duly sworn deposes and says that a notice, a true copy of which is annexed hereto, was published in Washtenaw County Legal News a newspaper circulated in Washtenaw County on September 14, September 21, September 28, October 5, 2023 A.D.

_Jennifer Dado_

Subscribed and sworn before me on this 5th day of October 2023 A.D.

_P McKenzie_

Notary Public Saint Clair County, Michigan. My commission expires: September 10, 2025 Acting in Oakland County, Michigan.

| | |
|---|---|
| Attorney: | Johnson, Blumberg, and Associates - Johnson, Blumberg, |
| AttorneyFile#: | MI 23 5247 |
| Notice#: | 1509417 |

Johnson - Yolounda Kaye Whitlow-Tyus

NOTICE OF FORECLOSURE BY ADVERTISEMENT. Notice is given under section 3212 of the revised judicature act of 1961, 1961 PA 236, MCL 600.3212, that the following mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at a public auction sale to the highest bidder for cash or cashier's check at the place of holding the circuit court in WASHTENAW County, starting promptly at 10:00 AM on October 12, 2023. The amount due on the mortgage may be greater on the day of the sale. Placing the highest bid at the sale does not automatically entitle the purchaser to free and clear ownership of the property. A potential purchaser is encouraged to contact the county register of deeds office or a title insurance company, either of which may charge a fee for this information. MORTGAGE INFORMATION: Default has been made in the conditions of a certain mortgage made by Nettie Whitlow, an unmarried woman, and Yolounda Kaye Whitlow-Tyus, a single woman, as joint tenants with full right of survivorship, whose address is 5779 Pinecrest Estates Drive, Ann Arbor, MI 48105, as original Mortgagors, to Mortgage Electronic Registration Systems, Inc., As Nominee For STG Mortgage Inc, being a mortgage dated September 30, 2022, and recorded on October 27, 2022 in Liber 5501 Page 716 in Washtenaw County Records, State of Michigan and then assigned to UMB Bank, National Association, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2023-3, as assignee as documented by an assignment dated August 10, 2023 and recorded on August 15, 2023 in Liber 5529 Page 756, Washtenaw County Records, Michigan, on which mortgage there is claimed to be due at the date hereof the sum of ONE MILLION FIFTY-THREE THOUSAND NINTY-EIGHT 87/100 DOLLARS ($1,053,098.87). Said premises are situated in the Township of Salem, County of Washtenaw, State of Michigan, and are described as: PARCEL "F -1" A part of the Southeast 1/4 of Section 30, Town 1 South, Range 7 East, Salem Township, Washtenaw County, Michigan, more particularly described as commencing at the South 1/4 Corner of said Section 30; thence North 05° 33' 25" West, 1094.27 feet, along the North and South 1/4 line of said Section 30, to the POINT OF BEGINNING: thence continuing North 05° 33' 25" West, 210.68 feet, along the North and South 1/4 line of said Section 30; thence North 87° 45' 45" East, 409.75 feet; thence South 26° 10' 22" East, 230.12 feet; thence South 87° 45' 45" West, 490.90 feet, to the point of beginning. A non-exclusive 66.00 foot easement for ingress and egress, being a part of the Southeast 1/4 of Section 30, and the Northeast 1/4 of Section 31, Town 1 South, Range 7 East, Salem Township, Washtenaw County, Michigan, the centerline of said easement being more particularly described as commencing at the South 1/4 Corner of said Section 30; thence North 05°33' 25" West, 2510.57 feet, along the North and South 1/4 line of said Section 30, to the centerline of North Territorial Road; thence North 87°45' 45" East, 417.97 feet, along the centerline of said North Territorial Road, to the point of beginning; thence South 04° 21' 05" East, 1162.23 feet; thence South 26° 10' 22" East, 652.45 feet; thence South 05°33' 25" East, 743.41 feet, to a point on the South line of said Section 30 and the North line of said Section 31; thence South 07° 25' 10" West, 1015.00 feet; thence South 74° 29' 47" East, 42.42 feet, to the center of a 75.00 foot radius cul-de-sac, and the point of ending. Street Address: 5779 Pinecrest Estates Drive, Ann Arbor, MI 48105 The redemption period shall be 6 months from the date of such sale, unless the property is determined abandoned in accordance with MCLA § 600.3241a in which case the redemption period shall be 30 days from the date of the sale. If the property is sold at a foreclosure sale under Chapter 32 of the Revised Judicature Act of 1961, pursuant to MCLA § 600.3278, the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period. THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. ATTENTION HOMEOWNER: IF YOU ARE A MILITARY SERVICE MEMBER ON ACTIVE DUTY, IF YOUR PERIOD OF ACTIVE DUTY HAS CONCLUDED LESS THAN 90 DAYS AGO, OR IF YOU HAVE BEEN ORDERED TO ACTIVE DUTY, PLEASE CONTACT THE ATTORNEY FOR THE PARTY FORECLOSING THE MORTGAGE AT THE TELEPHONE NUMBER STATED IN THIS NOTICE. Dated: September 14, 2023 For more information, please contact the attorney for the party foreclosing: Kenneth J. Johnson, Johnson, Blumberg, & Associates, LLC, 5955 West Main Street, Suite 18, Kalamazoo, MI 49009. Telephone: (312) 541-9710. File No.: MI 23 5247
(09-14)(10-05)

## EVIDENCE OF SALE

(Affidavit of Posting)

STATE OF MICHIGAN,

COUNTY OF ___WASHTENAW___ } ss.
(County Notarizing In)

___KENNETH NIEDERMEIER___ being duly sworn,
(Print Name)

deposes and says that on the ___20th___ day

of ___SEPTEMBER___, 20_23_, he/she posted

a true copy of the Notice annexed to the affidavit

of Publication hereto attached in a conspicuous

place upon the premises described in said Notice by

attaching the same in a secure manner to _5779_

___PINECREST ESTATES DR ANN ARBOR___
(Place of Posting)                    ___48105___

_____ KENNETH NIEDERMEIER
(Signature)                              (Print Name)

Subscribed and Sworn To Before Me This

_20th_ Day of _September_, 20_23_

_____ Michael Giannotti
NOTARY PUBLIC (Signature)         (Print Name)

___WASHTENAW___ County, Michigan

My Commission Expires
MICHAEL GIANNOTTI
NOTARY PUBLIC, Washtenaw County, MI
My Commission Expires Sept. 6, 2024 , 20 _____

Acting In

___WASHTENAW___ County, Michigan

CHECK IF        ☐ Vacant
☐ Multi-Unit    ☐ Upper Unit    ☐ Lower Unit
☐ Multi-Address ☐ Unit 1        ☐ Unit 2
☐ Condo         ☐ Unit A        ☐ Unit B
☐ Mobile/Manufactured Home      ☐ No Dwelling

## NON-MILITARY AFFIDAVIT

State of Illinois
ss. County of Cook

The undersigned, being first duly sworn, states that upon investigation she/he is informed and believes that none of the persons named in the notice attached to the sheriffs deed of mortgage foreclosure, were in the military service of the United States at the time of sale.

_____
Kenneth J. Johnson

Subscribed and sworn to before me this 5th day of October, 2023.

_____
Notary Public
Acting in Cook County, Illinois       My Commission Expires: 11/8/2025

MIRIAM I. LOPEZ
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
November 08, 2026

## AFFIDAVIT OF AUCTIONEER and CERTIFICATE OF REDEMPTION PERIOD

State of Michigan
                    ss.
County of Washtenaw

**KENNETH NIEDERMEIER**
_____ being first duly sworn, deposes and says that he/she is a Deputy Sheriff of said Washtenaw County; that he/she acted as Auctioneer, and made the sale as described in the annexed Deed pursuant to the annexed printed notice; that said sale was opened at 10:00 AM, local time, on the October 12, 2023, Ann Arbor, Michigan, that being the place of holding the Circuit Court for Washtenaw County, and said sale was kept open for the space of one hour; that the highest bid for the lands and tenements therein described was One Million Sixty-Five Thousand Four Hundred Thirteen Dollars 99/100 ($1,065,413.99); made by UMB Bank, National Association, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2023-3, that said sale was in all respects open and fair; and that he/she did strike off and sell said lands and tenements to said bidders, which purchased the said lands and tenements fairly, and in good faith, and in good faith as deponent verily believes.

I DO HEREBY CERTIFY that the within Sheriffs Deed will become operative at the expiration of the redemption period, April 12, 2024, unless said date falls on a weekend, at which point the redeeming party or anyone claiming under him, will have until 5:00p.m. the following Monday to perfect their redemption; OR the property is determined abandoned pursuant to MCLA 600.3241 (a), in which case the redemption period will be 30 days from the date of sale or when the time to provide the notice required by subdivision (c) expires, whichever is later. The foreclosing mortgagee can rescind the sale in the event a 3rd party buys the property and there is a simultaneous resolution with the borrower.

_____
**KENNETH NIEDERMEIER** Deputy Sheriff
Washtenaw County, Michigan

Subscribed and sworn to before me this 12th day of October, 2023
_____
Michael Giannotti

Washtenaw County, Michigan
My commission expires: 9-6-24

MICHAEL GIANNOTTI
NOTARY PUBLIC, Washtenaw County, MI
My Commission Expires Sept. 6, 2024

Drafted by and when recorded return to:
Kenneth J. Johnson
Johnson, Blumberg & Associates, LLC, 30 N. LaSalle St., Suite 3650, Chicago, IL 60602
ATTN REGISTER OF DEEDS: Please send all Redemption notifications and funds collected in your office to Johnson, Blumberg & Associates, LLC, 30 N. LaSalle St., Suite 3650, Chicago, IL 60602
ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest. Please be advised that all 3rd party bidders are responsible for preparing and recording the Sheriffs Deed. Johnson, Blumberg & Associates, LLC hereby expressly disclaims all liability relating to the foreclosure, preparation and recording of the Sheriffs Deed

6711502 L: 5544 P: 548 D
Total Pages: 2 02/09/2024 11:49 AM
Lawrence Kestenbaum
Washtenaw County, Michigan



Prepared and return to:
Kenneth J. Johnson   30 N. LaSalle St., Ste 3650, Chicago, IL 60602   (312) 541-9710
Individual's Name   Street Address   City   Phone
Address Tax Statement:  VMC REO, LLC, 75 Beattie Place, MS #005, Greenville, SC 29601

# Quit Claim Deed

Know All Men by These Presents that, UMB Bank, National Association, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2023-3, a trust authorized to do business in Michigan, as grantor, in consideration of other valuable consideration and one dollar in hand paid, does hereby convey unto VMC REO LLC, as grantee, all interest in the following described real estate, located in the Township of Salem, Washtenaw County, Michigan:

**LEGAL DESCRIPTION:** See attached Exhibit "A"

Exempt pursuant to: MCLA 207.505(5)(a) and 207.526(6)(a)

The undersigned hereby relinquishes all rights of dower, homestead, and distributive share in and to the described premises. Words and phrases herein including acknowledgment hereof shall be construed as in the singular or plural number, and as masculine or feminine gender, according to the context.

Signed on the __20th__ day of _____December_____, 2023.

UMB Bank, National Association, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2023-3, by New Rez LLC d/b/a Shellpoint Mortgage Servicing, its attorney in fact

By____Mary Monta-Adrovel____
Doc. Verification Spec, Its Representative

State of Arizona    }
County of Maricopa } ss:

On the __20__ day of _____December_____, 2023, before me, _____SOFIA PACHECO_____, a Notary Public, personally appeared __Mary Monta-Adrovel__, to me personally known, who being sworn, did say that he/she is an representative of of New Rez LLC d/b/a Shellpoint Mortgage Servicing, attorney in fact for UMB Bank, National Association, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2023-3, and that said instrument was assigned on behalf of said trust.

_____SOFIA PACHECO_____
Notary Public



SOFIA PACHECO
Notary Public - Arizona
Maricopa County
Commission # 655911
My Comm. Expires Sep 23, 2027

WASHTENAW COUNTY TREASURER
TAX CERTIFICATE NO. 152492
12/26/2023-DR

# Exhibit "A"

PARCEL "F-1"
A part of the Southeast 1/4 of Section 30, Town 1 South, Range 7 East, Salem Township, Washtenaw County, Michigan, more particularly described as commencing at the South 1/4 Corner of said Section 30; thence North 05° 33' 25" West, 1094.27 feet, along the North and South 1/4 line of said Section 30, to the POINT OF BEGINNING: thence continuing North 05° 33' 25" West, 210.68 feet, along the North and South 1/4 line of said Section 30; thence North 87° 45' 45" East, 409.75 feet; thence South 26° 10' 22" East, 230.12 feet; thence South 87° 45' 45" West, 490.90 feet, to the point of beginning.

A non-exclusive 66.00 foot easement for ingress and egress, being a part of the Southeast 1/4 of Section 30, and the Northeast 1/4 of Section 31, Town 1 South, Range 7 East, Salem Township, Washtenaw County, Michigan, the centerline of said easement being more particularly described as commencing at the South 1/4 Corner of said Section 30; thence North 05°33' 25" West, 2510.57 feet, along the North and South 1/4 line of said Section 30, to the centerline of North Territorial Road; thence North 87°45' 45" East, 417.97 feet, along the centerline of said North Territorial Road, to the point of beginning; thence South 04° 21' 05" East, 1162.23 feet; thence South 26° 10' 22" East, 652.45 feet; thence South 05°33' 25" East, 743.41 feet, to a point on the South line of said Section 30 and the North line of said Section 31; thence South 07° 25' 10" West, 1015.00 feet; thence South 74° 29' 47" East, 42.42 feet, to the center of a 75.00 foot radius cul-de-sac, and the point of ending.

**Commonly known as** 5779 Pinecrest Estates Drive, Ann Arbor, MI 48105

Tax# A-01-30-400-036