UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                               Case No. 25-45106-mlo

**Doshia Marie Banks,**                              Chapter 13

    Debtor.                                       Hon. Maria L. Oxholm
_____/

# UNITED STATES TRUSTEE'S MOTION TO DISMISS, BAR REFILINGS, AND FOR IN REM RELIEF AGAINST REAL PROPERTY

Andrew R. Vara, United States Trustee for Regions 3 and 9, requests that this Court enter an order under 11 U.S.C. § 707(a) dismissing this bad-faith bankruptcy case and barring refiling for the Debtor for a period of two (2) years. The U.S. Trustee also seeks *in rem* relief barring the any refiling associated with 5779 Pinecrest Estates Drive, Ann Arbor, Michigan 48105 for a period of two (2) years.

## Preliminary Statement

The Debtor is involved in, and may be the primary perpetrator for, a fractional interest foreclosure rescue scheme to keep a million-dollar luxury home from being foreclosed upon. Ms. Banks is the third individual to file a bankruptcy petition in the last year who claims to live in the property. She is also a well-known bankruptcy petition preparer who was so unwilling to abide by federal bankruptcy laws she had an arrest warrant issued for her, and she was permanently barred from serving as a petition preparer in the Eastern District of Michigan. This filing, like all the others before it related to the same property, are filed in bad

faith and for no legitimate bankruptcy purpose, but instead merely seek the automatic stay and its inherent delay in foreclosing against real property. Ms. Banks' case should therefore be dismissed, she should be barred from refiling future bankruptcy cases, and the Court should issue *in rem* relief against the luxury home, preventing Ms. Banks or others from attempting to tie up foreclosure on the home in a similar manner.

**Jurisdiction and Background**

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). This Motion is filed under 11 U.S.C. § 1307(c), 11 U.S.C. § 105, and 11 U.S.C. § 362(d)(4).

2. Under 28 U.S.C. § 586, the United States Trustee is charged with the administrative oversight of cases commenced under title 11 of the United States Code. This duty is part of the United States Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See In re Columbia Gas Sys., Inc.*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the United States Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *In re Revco D.S., Inc.*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3. The Debtor filed a voluntary petition for relief under Chapter 13 of Title 11, United States Code, on May 19, 2025. [Doc. No. 1].

**Ms. Banks and her History as a Bankruptcy Petition Preparer in the Eastern District of Michigan.**

4. Doshia Marie Banks has a long and involved history with this Bankruptcy Court as a bankruptcy petition preparer ("BPP"). The United States Trustee filed four separate actions against Ms. Banks in 2011, at first seeking her compliance with the requirements of 11 U.S.C. § 110, eventually seeking to enjoin her from such efforts going forward when Ms. Banks would not comply. *See, e.g.*, *McDermott v. Banks (In re Alston)*, E.D. Mich. Bankr. A.P. No. 11-4164-swr; *McDermott v. Banks (In re Garrett)*, E.D. Mich. Bankr. A.P. No. 11-4165-pjs; *McDermott v. Banks (In re Wilder)*, E.D. Mich. Bankr. A.P. No. 11-5640-tjt; *McDermott v. Banks (In re Roach)*, E.D. Mich. Bankr. A.P. No. 11-6047-tjt.

5. Ms. Banks was permanently enjoined from acting as a BPP by then-Chief Judge Phillip J. Shefferly. *See McDermott v. Banks (In re Garrett)*, E.D. Mich. Bankr. A.P. No. 11-4165-pjs, Doc. No. 27 (entered August 5, 2011).

6. That injunction was not the end of Ms. Banks' issues with the Court – Chief Judge Shefferly had to issue a bench warrant for her arrest in another case in 2012. *See In re Ricky Carpenter*, E.D. Mich. Bankr. Case No. 11-40544-pjs, Doc. No. 92 (entered May 4, 2012).

**The Debtor's Purported Million-Dollar Luxury Home in Ann Arbor.**

7. In this bankruptcy case, Ms. Banks discloses her address as being 5770 Pinecrest Estates Drive, Ann Arbor, Michigan 48105 ("The Pinecrest Estates Property").

8. The Pinecrest Estates Property is a six-bedroom, seven-bathroom luxury home of 7,766 square feet, which according to Zillow.com is worth approximately $1,065,413.

9. This is not the Debtor's first bankruptcy filing, but it is the first filing since Ms. Banks claimed to live in the Pinecrest Estates Property. When she filed a chapter 7 petition on January 20, 2023, Ms. Banks claimed to reside at 16781 Huntington Road, Detroit, Michigan 48219 ("the Huntington Property"). [*See* E.D. Mich. Bankr. Case No. 23-40537-mlo]. She used the Huntington Property address in a 2021 chapter 13 case as well. [*See* E.D. Mich. Bankr. Case No. 21-40945-mlo]. And in a 2017 chapter 13 case. [*See* E.D. Mich. Bankr. Case No. 17-44399-mlo]. It is not clear when Ms. Banks acquired her purported interest in the Pinecrest Estates Property – though as explained below, it was likely very recently.

**Two Additional Owners of the Pinecrest Estates Property File Bankruptcies in an Attempt to Stall Foreclosure on the Property.**

10. Since May of 2024, the Pinecrest Estates Property has been involved in at least four bankruptcy proceedings by three different people – all while the

mortgage noteholder has been attempting to foreclose on the property in Michigan state court.

11. Borrower Nettie Whitlow originally purchased the Pinecrest Estates Property on September 30, 2022, but defaulted on her payment obligations in less than a year. The original owner of the mortgage initiated foreclosure proceedings by advertisement, and validly foreclosed on October 12, 2023, with the redemption period for the Pinecrest Estates Property expiring on April 12, 2024.

12. During the redemption period, VMC REO, LLC ("VMC") acquired the property from the original mortgage holder. Ms. Whitlow failed to redeem the Pinecrest Estate Property during the six-month redemption period, but continued to live in the luxury home.

13. VMC initiated eviction proceedings in the 14A-1 District Court on April 25, 2024, which that court set eviction proceedings for initial hearing on May 10, 2024. Two days prior to that hearing, Ms. Whitlow filed a chapter 13 petition. [*See* E.D. Mich. Bankr. Case No. 24-44590-lsg ("the First Bankruptcy").

14. Ms. Whitlow filed the First Bankruptcy ostensibly *pro se*, and without any assistance. That may not have been accurate in light of Ms. Banks' current involvement in the case. Regardless, the First Bankruptcy was dismissed on June 11, 2024 for failure to file documents.

15. Ms. Whitlow filed a motion to reinstate her case on June 14, 2024, which was granted and her 341 Meeting of Creditors was rescheduled for August 7, 2024. *Id*. at Doc. No. 25. Ms. Whitlow did not attend that meeting, and the meeting of creditors was not held.

16. In the meantime, VMC filed a motion for relief from stay on July 24, 2024. The hearing on that motion was scheduled for September 12, 2024, but Ms. Whitlow did not appear at the hearing and the case was dismissed on September 16, 2024.

17. After the First Bankruptcy case, for Ms. Whitlow, was dismissed, VMC went back to state court to again institute foreclosure proceedings. Before an eviction hearing Scheduled for October 11, 2024, Ms. Whitlow filed a motion to reinstate the First Bankruptcy case. *Id*. at Doc. No. 68. She failed to attend the hearing on that motion on October 24, 2024, and so the motion was denied for lack of prosecution. *Id*. at Doc. No. 78. During the duration of the First Bankruptcy case, Ms. Whitlow made no payments to the chapter 13 trustee, failed to attend any hearings in the case, and failed to pay the filing fee.

18. Ms. Whitlow filed a second bankruptcy case on December 16, 2024 [*See* E.D. Mich. Bankr. Case No. 25-51815-lsg ("the Second Bankruptcy"). Ms. Whitlow filed the Second Bankruptcy ostensibly *pro se*, and without any assistance. That may not have been accurate in light of Ms. Banks' current involvement in the

case. Regardless, the First Bankruptcy was dismissed on December 30, 2024 because Ms. Whitlow was ineligible under 11 U.S.C. § 109(h)(1). *Id*. at Doc. No. 20.

19. Ms. Whitlow filed a motion to reinstate the Second Bankruptcy on January 6, 2025 [Doc. No. 25], with an amended motion filed the next day [Doc. No. 33]. She failed to appear for the hearing on the motion held January 30, 2025, and so the motion was denied. [Doc. No. 41]. During the duration of the Second Bankruptcy case, Ms. Whitlow made no payments to the chapter 13 trustee, failed to attend any hearings in the case, and failed to pay the filing fee.

20. After the Second Bankruptcy case, for Ms. Whitlow, was dismissed, VMC went back to state court to again institute foreclosure proceedings. Before an eviction hearing Scheduled for March 28, 2025, another person named Javier Jeremy Myron Head filed a chapter 13 petition and claimed to live in the Pinecrest Estates Property.

21. Mr. Head filed a chapter 13 petition on March 25, 2025, three days before eviction proceedings in state court could go forward on the Pinecrest Estates Property. [*See* E.D. Mich. Bankr. Case No. 25-42951-lsg ("the Third Bankruptcy"). Mr. Banks filed the Third Bankruptcy ostensibly *pro se*, and without any assistance. That may not have been accurate in light of Ms. Banks' current involvement in the

case. Regardless, the Third Bankruptcy was dismissed on April 16, 2025 for failure to file documents. *Id*. at Doc. No. 16.

22. The next day, on April 17, 2025, Mr. Head filed a motion to reinstate the Third Bankruptcy case. [Doc. No. 18]. The Bankruptcy Court held a hearing on that motion on May 8, 2025, which the U.S. Trustee and counsel for VMC attended. Mr. Head did not attend that hearing, though, and the Court denied it for lack of prosecution.

23. During the duration of the Third Bankruptcy case, Mr. Head made no payments to the chapter 13 trustee, failed to attend any hearings in the case, and failed to pay the filing fee.

**Ms. Banks Files the Fourth Bankruptcy Case in a Year on the Property.**

24. After the Third Bankruptcy case, for Mr. Head this time, was dismissed, VMC went back to state court to again institute foreclosure proceedings. Before an eviction hearing Scheduled for May 20, 2025, Ms. Banks filed the current bankruptcy case, also claiming to live in the Pinecrest Estates Property. Ms. Banks has made no plan payments or filed any documents in this case to date.

25. Ms. Banks' Bankruptcy Petition Cover Sheet [Doc. No. 3], signed under penalty of perjury, discloses only two prior bankruptcy cases – on in 2023, a second in 2021. It does not disclose her 2017 case discussed above, or additional

prior cases in 2015 and 2016. [*See* E.D. Mich. Bankr. Case Nos. 15-49778-mlo; 16-52978-mlo].

26. Based on the **four** bankruptcy cases filed by the Debtor, by Ms. Whitlow and by Mr. Head in the past year, the parties have kept the Pinecrest Estates Property – worth over a million dollars, under the protections of the automatic stay continuously with almost no realistic end in sight.

27. The failure to accurately and fully disclose, on a bankruptcy petition, previously filed petitions is a material omission which impedes the efficient administration of the bankruptcy system and is an abuse of the bankruptcy process. *U.S. v Ellis,* 50 F. 3d 419 (7th Cir. 1995).

28. Pursuant to 11 U.S.C. §§ 109(h) and 521(a) and (b), an individual must file with the Court a number of documents including a credit counseling certificate, schedule of assets and liabilities, schedule of current income and expenditures, a statement of the debtor's financial affairs, an itemized statement of the amount of net monthly income and a statement of intention with regard to the retention or surrender of property.

29. Upon information and belief, and based on the PACER dockets from the numerous bankruptcy cases discussed above filed by the Debtor and her co-conspirators, Ms. Banks and her co-conspirators have intentionally failed to file various required documents, causing the bankruptcy cases to be dismissed.

30. The failure of Debtors to file required documents in his bankruptcy cases has impaired the ability of the Court, the U.S. Trustee, the Chapter 7 Trustees and parties in interest to effectively review the cases under 28 U.S.C. § 586 (a) and 11 U.S.C. §521, which disrupts the efficient administration of the bankruptcy system and is an abuse of the bankruptcy process.

31. Under the totality of the circumstances, Ms. Banks' and her co-conspirators' abusive serial filings of bankruptcy petitions constitute bad faith, are contumacious, an abuse of process which has been ongoing and directly and indirectly attempts to circumvent the bankruptcy process. *In re Leavitt*, 171 F. 3d 1219 (9th Cir. 1999); *In re Love*, 957 F. 2d 1350 (7th Cir. 1992); *In re Moses*, 171 B.R. 789 (Bankr. E.D. Mich. 1994).

32. Under 11 U.S.C. §105, the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

33. 11 U.S.C. § 109(g) prohibits an individual from being a debtor under Title 11 if they have been a debtor in a case under this title at any time in the preceding 180 days which was dismissed for the willful failure of the debtor to abide by orders of the court or to appear before the court in proper prosecution of the case.

34. Notwithstanding § 109(g), a bankruptcy court may enjoin a debtor from filing a petition for periods exceeding 180 days if the Debtor is a serail filer and commences the cases in bad faith. *In re Casse*, 198 F. 3d 327 (2d Cir. 1999); *In re Tomlin*, 105 F. 2d 933 (4th Cir. 1997). In recent years, numerous bankruptcy courts - including courts in the Sixth Circuit - have used this authority to enjoin debtors from filing beyond § 109(g)'s 180 day provision. *See, e.g., Javens v. Ruskin*, 2000 WL 1279189 (E.D. Mich. Aug. 24, 2000)(upholding this Court on appeal); *In re Price*, 304 B.R. 769 (Bankr. N.D. Ohio 2004); *In re Grischkan*, 320 B.R. 654 (Bankr. N.D. Ohio 2005); *In re Jones*, 289 B.R. 436 (Bankr. M.D. Ala. 2003); *In re Rusher*, 283 B.R. 544 (Bankr. W.D. Mo. 2002).

35. Bankruptcy Courts also have the power to grant *in rem* relief against particular real property when individuals like Ms. Banks and her co-conspirators seek to stall foreclosure on a particular real property by having successive individuals file with claimed interests in the property. The Sixth Circuit has upheld the granting of such relief as proper. *See In re Lee*, 467 B.R. 906, 919-20 (6th Cir. B.A.P. 2012); 11 U.S.C. § 362(d)(4).

36. Neither Ms. Banks, nor either Ms. Whitlow or Mr. Head, have made any meaningful efforts to prosecute any of their bankruptcy cases – because the only purpose of those cases was to stall foreclosure on a million-dollar luxury home. None of the cases had required documents filed. In none of them did the debtors

attend hearings. Nor did the Debtors pay any funds into their proposed Chapter 13 plans. Instead, the Debtors would stall as long as possible in Chapter 13 without making any meaningful progress, only to file another case or to have someone else file another bankruptcy case right before VMC could get them evicted in state court. This is bad faith, and Ms. Banks' case should be dismissed, she should be barred from refiling bankruptcy petitions for two years, and a similar two-year *in rem* bar on filings involving the Pinecrest Estates Property should be granted as well. Otherwise, there is little doubt that within weeks, some other individual will likely file a bankruptcy petition claiming to have an interest in the Pinecrest Estates Property, too.

[Remainder of Page Intentionally Left Blank]

**WHEREFORE**, the United States Trustee respectfully requests that this Court enter an Order (1) dismissing this case; (2) ordering the Clerk of the Court to refuse any filing in the name of Doshia Maria Banks or any variation thereof, whether filed by her personally or by any other person on her behalf for a period of two (2) years; and (3) granting *in rem* relief against the automatic stay applying for two (2) years for any petition disclosing an interest in 5779 Pinecrest Estates Drive, Ann Arbor, Michigan 48105.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
Regions 3 and 9

By   /s/ Sean M. Cowley
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(202) 641-3559
Sean.Cowley@usdoj.gov
[P72511]

Dated: May 27, 2025

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                      Case No. 25-45106-mlo

**Doshia Marie Banks,**                            Chapter 13

         Debtor.                                      Hon. Maria L. Oxholm

_____/

### ORDER GRANTING MOTION TO DISMISS, BARRING REFILING BY DEBTOR, AND FOR IN REM RELIEF AGAINST REAL PROPERTY

**THIS MATTER** came before the Court on the United States Trustee's Motion to Dismiss, to Bar Refilings, and for *In Rem* Relief against real property under 11 U.S.C. § 1307(c) and 11 U.S.C. § 105. All parties in interest have received notice of this Motion and the Court is otherwise fully advised in this matter.

**NOW, THEREFORE,**

**IT IS ORDERED** that the Moton is **GRANTED.**

**IT IS FURTHER ORDERED** this bankruptcy case is **DISMISSED**.

**IT IS FURTHER ORDERED** that Doshia Marie Banks, in her name and in all variations thereof, whether filed by her personally or by any other person on her behalf, is barred singularly and jointly for a period of two (2) years from filing a bankruptcy petition under any chapter of the U.S. Bankruptcy Code from the date of the entry of this order.

**IT IS FURTHER ORDERED** that Doshia Marie Banks shall be sanctioned as appropriate in the amount of $1,000.00 if she, or anyone on her behalf, files a bankruptcy petition singularly or jointly in the name of Doshia Marie Banks and in all variations thereof during the two (2) year bar period as set forth above.

**IT IS FURTHER ORDERED** that *In Rem* relief is **GRANTED** as to real property commonly known as 5779 Pinecrest Estates Drive, Ann Arbor, Michigan

48105 for a period of two (2) years from the entry of this Order. The Debtor, or anyone in contractual privity with the Debtor or anyone having or purporting to have a possessory interest in 5779 Pinecrest Estates Drive, Ann Arbor, Michigan 48105 is barred from listing said property or any debt related to said property in a future bankruptcy petition, and the automatic stay on any filing of a petition for relief made in violation of this *in rem* relief is declared invalid.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 25-45106-mlo

**Doshia Marie Banks,**                    Chapter 13

        Debtor.                             Hon. Maria L. Oxholm
_____/

## NOTICE OF MOTION TO EXAMINE COMPENSATION

      The United States Trustee has filed a motion with the Court seeking an order dismissing this case, barring refiling, and granting *in rem* relief against real property for periods of two years.

      **<u>Your rights may be affected.</u>** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

      If you do not want the Court to dismiss the case, or if you want the Court to consider your views on the motion, **within 21 days**, you or your attorney must:

      1.     File with the court a written response or an answer, explaining your position at:

                          U.S. Bankruptcy Court
                          211 W. Fort Street
                          Detroit, MI 48226

      If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

      You must also mail a copy to:     Sean M. Cowley, Esq.
                                                  Office of the United States Trustee
                                                   211 West Fort Street, Suite 700
                                                    Detroit, MI 48226

      2.     If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

      If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

                                                    **ANDREW R. VARA**
                                                    **UNITED STATES TRUSTEE**
                                                    Regions 3 and 9

                                By     /s/ Sean M. Cowley
                                                    Trial Attorney
                                                    Office of the U.S. Trustee
                                                     211 W. Fort St., Ste. 700
                                                     Detroit MI 48226
                                                     (202) 641-3559
                                                     Sean.Cowley@usdoj.gov

Dated: May 27, 2025

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 25-45106-mlo

**Doshia Marie Banks,**  Chapter 13

    Debtor.  Hon. Maria L. Oxholm
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, I served copies as follows:

1. Documents Served:  *United States Trustee's Motion to Dismiss, Bar Refiling, and for In Rem Relief*

2. Served Upon:  Doshia Marie Banks
   5779 Pinecrest Estates Drive
   Ann Arbor, Michigan 48105

3. Method of Service:  First Class Mail

    **ANDREW R. VARA**
    **UNITED STATES TRUSTEE**
    Regions 3 and 9

By   /s/ Sean M. Cowley
    Trial Attorney
    Office of the U.S. Trustee
    211 West Fort St - Suite 700
    Detroit, Michigan 48226
    (202) 641-3559
    Sean.Cowley@usdoj.gov
    [P72511]

Dated: May 27, 2025